**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MANUEL F. MARQUES,            )
                              )
        Plaintiff,          )     3:09-cv-00491-LRH-VPC
                              )
vs.                           )
                              )     **<u>ORDER</u>**
STATE OF NEVADA, *et al.*,    )
                              )
        Defendants.         )

       Plaintiff Manuel F. Marques, has submitted a civil rights complaint and has been granted leave to proceed in *forma pauperis*. The complaint is subject to screening pursuant to 28 U.S.C. § 1915, as discussed below.

**I.    Screening Pursuant to 28 U.S.C. § 1915A**

       Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988). Dismissal of a complaint or part thereof for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12 (b)(6), and the court will apply the same standard under §1915 when reviewing a complaint or an amended complaint. Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in

the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, if it appears to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint, the court may *sua sponte* dismiss the cause of action or portions thereof. *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1309 (9th Cir. 1982).

An entire complaint or portions thereof filed by a prisoner shall be dismissed *sua sponte* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). This includes those that possess legal conclusions that are untenable (e.g., wherein the defendants are immune from suit or claims of infringement of a legal interest which clearly does not exist) as well as those that only contain fanciful factual allegations, (e.g., claims describing fantastic or delusional scenarios). The complaint filed herein is subject to *sua sponte* dismissal prior to service on the named defendants.

**II.     Discussion**

Plaintiff brings this complaint based on claims that prison correctional officers have violated his Eighth Amendment rights through the denial of his medically ordered special diet, his rights to due process and equal protection as guaranteed by the Fourteenth Amendment through the imposition of disciplinary charges and sanctions resulting in deprivation of personal property and other privileges. Plaintiff identifies the State of Nevada, the Nevada Department of Corrections, and High Desert Correctional Center, along with four individual defendants. The correctional officers are all named in their official capacities. A person cannot be sued in his or her official capacity for money damages. Only injunctive relief is available for defendants said to be acting in their official capacity. *Kentucy v. Graham,* 473 U.S. 159, 165 (1985). Thus, plaintiff's prayer for money damages will be ineffective against these defendants.

The State of Nevada, the NDOC and the High Desert Correctional Center shall be dismissed because these entities are either immune from suit in federal court or are not persons for purposes of section 1983.

Under the Eleventh Amendment to the Constitution, states are generally immune from actions in Federal courts as are agencies of the state. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Congress has the power to override that immunity through legislation authorized by section 5 of the Fourteenth Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Pursuant to that power, Congress enacted 42 U.S.C. § 1983, which states in pertinent part:

> Every <u>person</u> who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . . (emphasis added).

Section 1983 did not override the Eleventh Amendment immunity; the State of Nevada and any governmental entity that is considered an "arm of the State" for Eleventh Amendment purposes are not "persons" within section 1983's meaning of the term. *See Doe v. Lawrence Livermore Nat. Laboratory*, 131 F.3d 836 (9th Cir. 1997) (quoting *Will*, 491 U.S. at 70). The State of Nevada and the NDOC shall be dismissed from this action as immune under the Eleventh Amendment.

To prevail under section 1983, a plaintiff must demonstrate that he has suffered a violation of rights protected by the Constitution or federal statute, caused by the conduct of a person acting under color of state law. *Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir. 1991). The High Desert Correctional Center is not such a "person." The prison shall be dismissed as a defendant, as well.

Plaintiff lists a number of counts, however, this order shall discuss the circumstances and the applicable law without regard to the numbering applied by plaintiff.

<u>The Allegations</u>

Plaintiff complains that after he received an order from this court in his habeas corpus action, he started getting harassed by prison officials regarding his special diabetic diet and as a result he wrote a kite to culinary. He states the harassment continued and he was denied his proper diabetic food and snack, causing him to suffer dizziness and weakness.

The next day he contends he was rousted and charged with a disciplinary violation by an unidentified guard, who ordered him to move farther away from the entrance doors and who did not

3

like plaintiff's questioning his authority for making such an order. Plaintiff contends this African American guard allowed other "black American" inmates to "cross wings in front of the prison guard," treating those inmates differently than he was treated. When plaintiff questioned the guard's authority plaintiff was restrained and charged with disciplinary violations.

As a result of the charges, plaintiff was "sent down three levels, his cell was searched and by a guard who disrespected his property, resulting in property loss, damage and false write ups, due to the guard's "lack of experience at High Desert." Plaintiff offers several examples of the guards' erroneous findings during the search, including charges that plaintiff possessed unauthorized property, including excessive clothing and bedding and other items actually sold at the prison store; that he had damaged state property - a "broken" light bulb that "was not broken;" that he had gambling material which were actually two dice and a monopoly board and monopoly money. Plaintiff also complains that his legal materials were damaged and lost during the search.

As a result of the disciplinary charges, plaintiff complains he was moved to the segregation unit where he was denied his diabetic diet and various person items. He relates that the guards told him to not eat the bread and cake on his tray, if his diabetes did not allow it, "short-changing" him in his daily calories.

Plaintiff complains of harassment, of prejudice, racists and self-interest, of loss of educational opportunities, of lost law library access, of lost free time and employment. He also states he has been improperly identified as a "prior gang member."

<u>Legal Analysis</u>

<u>First Amendment - Grievance Activity</u>

Plaintiff contends that his rights under the First Amendment were violated because the guard who directed him to move away from the doorway and then restrained him for failing to obey that order refused to give him a grievance form during the actual restraint process.

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his

4

First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson* 408 F.3d 559, 567-568 (9th 2005) citing *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir.2000). Plaintiff fails in this regard. He does not contend that he was unable to file a grievance related to the disciplinary charges, and the facts reveal that he did file an appeal of the same. Moreover, it is completely rational to think that a prison guard who is in the process of restraining an inmate, must stop that procedure in order to immediately comply with that inmates' request for a grievance form.

There is no First Amendment violation stated and this claim shall be dismissed with prejudice.

### Fourth Amendment - Search

Plaintiff complains that his cell was searched improperly and he suffered a loss of personal property and legal materials as a result of the search and the searching guards "lack of experience."

Prisoners have no expectation of privacy in their cells. *Hudson v. Palmer*, 468 U.S. 517, 528 n. 8. (1984). "A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Thompson v. Souza*, 111 F.3d 694, 699 (9th Cir. 1997) *citing Hudson, supra.* at 527. Neither do they have a right to expect complete privacy in the legal documents held in their cells. The prison regulation that allows for random cell searches, including a perusal of written material therein, "is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley,* 482 U.S. 78, 89 (1987); *see also Mauro v. Arpaio,* 188 F.3d 1054 (9th Cir. 1999). Plaintiff has not stated a claim under the Fourth Amendment for an unreasonable search. This claim shall be dismissed with prejudice.

### Eighth Amendment - Medical Care

Plaintiff's complaint of being denied his medically ordered diabetic diet raises the specter of an Eighth Amendment violation due to a denial of proper medical care because the government has an obligation under the Eighth Amendment to provide medical care for those whom it punishes by incarceration. *See Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988) (citing *Estelle v.*

5

*Gamble*, 429 U.S. 97 (1976)). "[N]ot every breach of that duty is of constitutional proportions. In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" *Id.* (quoting *Estelle*, 429 U.S. at 104). Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "deny, delay, or intentionally interfere with medical treatment.... Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Id.* However, the denial or delay must result in further injury.

Plaintiff's claim under the Eighth Amendment cannot proceed as drafted as he does not demonstrate such an injury. Plaintiff will be given an opportunity to amend the claim to show how long he was denied his diabetic diet and what actual injury he suffered as a result of the denial. Plaintiff must also identify which specific defendant he believes is responsible for this denial. If he cannot demonstrate he suffered an actual injury the claim will be dismissed with prejudice.

<u>Eighth Amendment - Risk of Harm</u>

Plaintiff also refers to a classification as a former gang member and that it exposes him to a risk of harm. He fails to state when this classification was made and under what circumstances, and how the classification is in error and how it exposes him to a risk of harm. He must amend the claim to provide these facts, if he can.

<u>Fourteenth Amendment - Due Process</u>

The Supreme Court has held that although "a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime," *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974), his interest in due process "must be accommodated in the distinctive setting" and "legitimate institutional needs" of a prison, *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1984). Procedures that must be provided to prisoners in disciplinary matters if the minimum requirements of procedural due process are to be satisfied include: advance written notice of the claimed violation and a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken. *Wolff,* 418 U.S. at 563. The inmate has a limited right to call witnesses and to present

1  documentary evidence when permitting him to do so would not unduly threaten institutional safety
2  and goals. *Id*. at 566, 94 S.Ct. at 2979.

3        Plaintiff states only in passing that he was denied legal assistance and the ability to call a
4  witness at his hearing.  He fails, however, to state why he needed the legal assistance and why it was
5  denied, or what the witness would have said and why the witness was denied.   In order to proceed
6  on a due process claim, plaintiff will be required to amend his complaint.  He must also identify the
7  defendant who is alleged to have violated this right.

        <u>Fourteenth Amendment - Equal Protection</u>

9        Plaintiff alleges some of the defendants' actions were racist or based on "self-interest."
10  Acting in one's self interest is not a constitutional violation.  Racist actions, however, may be.

11        The Equal Protection Clause of the Fourteenth Amendment commands that no State shall
12  "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a
13  direction that all persons similarly situated should be treated alike.  *Plyler v. Doe,* 457 U.S. 202, 21,
14  (1982).  The unlawful administration by a prison regulation that is fair on its face, but which results
15  in its unequal application to those who are entitled to be treated alike, is not a denial of equal
16  protection unless there is shown to be present in it an element of intentional or purposeful
17  discrimination. *Snowden v. Hughes* 321 U.S. 1, 8 (1944).  To establish a violation of the Equal
18  Protection Clause, the plaintiff must present evidence of discriminatory intent. *See Washington v.*
19  *Davis,* 426 U.S. 229, 239-40 (1976).

20        Here, plaintiff complains that an African American guard allowed "black American" inmates
21  to walk in from an entrance, while he was required to stand back and not block the door.  These facts
22  do not state a claim for relief.  It is clear from the facts presented in the complaint, that the "black
23  American" inmates were moving from one location to another, while plaintiff was loitering near a
24  doorway, which the guard wanted unblocked.  It is also clear that when plaintiff was directed to
25  move back from the doorway, he proceeded to question the guard about his authority to issue the
26  order, causing a security disturbance in the prison.  These facts do not state a claim under the equal

7

1  protection clause, because there is no showing that the guards actions were motivated by race.  This
2  claim shall be dismissed with prejudice.

3  Plaintiff is advised that he must identify in the body of the complaint how each of the named
4  defendants were involved in the denial of his rights.  He must show specifically, what it was each
5  defendant did to participate in the alleged wrongs.  Failure to make this connection between
6  defendant and action will result in the defendant being dismissed from the action.

7  **IT IS THEREFORE ORDERED** that the Clerk shall **FILE** the Complaint.

8  **IT IS FURTHER ORDERED** that plaintiff's claims under the First and Fourth, and
9  Fourteenth Amendment Equal Protection Clause are **DISMISSED WITH PREJUDICE.**

10  **IT IS FURTHER ORDERED** that defendants the State of Nevada, the Nevada Department
11  of Corrections and the High Desert Correctional Center are **DISMISSED WITH PREJUDICE.**

12  **IT IS FURTHER ORDERED** that plaintiff's claims under the Eighth Amendment and the
13  Fourteenth Amendment Due Process Clause must be amended as directed in this order.  Plaintiff
14  shall file his " First Amended Complaint" within thirty days of the date of this order.  Failure to
15  amend will result in the matter being dismissed.

17  DATED this 21st day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

8